UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION


WHITNEY ATKINSON,

          Movant,

                                      Case No. 1:16-cv-67

v.

                                       HON. JANET T. NEFF

UNITED STATES OF AMERICA,

          Respondent.

_____/


**O P I N I O N**

      This matter comes before the Court on Movant's motion to vacate, set aside or correct sentence under 28 U.S.C. § 2255.  (ECF No. 1.)  On September 12, 2016, the Government filed a response in opposition.  (ECF No. 9.)  The Court appointed counsel and stayed the motion, pending the Supreme Court's decision in *Beckles v. United States*, __ U.S. ___, 2017 WL 855781 (Mar. 6, 2017), and ordered Movant to file supplemental briefing post-*Beckles*.  (ECF No. 15.)  On March 29, 2017, Movant filed a supplemental brief, explaining that his challenge to the Sentencing Guidelines enhancement does not survive *Beckles* but that he does not intend to abandon his claims based on *Mathis v. United States*, 136 S. Ct. 2243 (2016).  (ECF No. 18.)  For the reasons that follow, Movant's § 2255 motion is denied.

**I.**

      On July 26, 2012, a grand jury indicted Movant on one count of possession with intent to distribute cocaine base, being a felon in possession of a firearm, and carrying a firearm during a drug-trafficking crime.  (Indictment, *United States v. Atkinson*, No. 1:07-cr-26 (W.D. Mich.), ECF

No. 1.)  On May 15, 2007, Movant pleaded guilty to being a felon in possession of a firearm and carrying a firearm during a drug-trafficking crime.  (Change of Plea Hrg. Tr., *id.* at ECF No. 32.) In exchange for Movant's guilty plea, the government agreed to dismiss the remaining count. (Plea Agreement ¶ 6, *id.* at ECF No. 27, PageID.58.)  The Court sentenced Movant to 240 months in prison, based on the career-offender Guideline, U.S.S.G. § 4B1.1.  (J., *id.* at ECF No. 37; PSR ¶ 42, *id.* at ECF No. 65, PageID.385.)

Movant appealed his sentence, challenging his career-offender designation and alleging ineffective assistance of counsel.  *United States v. Atkinson*, 354 F. App'x 250, 253 (6th Cir. 2009). The Sixth Circuit remanded the case for resentencing to allow for the district court's consideration of the then-recent Guideline amendment.  *Id.* at 253-54. On remand, this Court declined to find that the convictions should not be counted separately, and imposed the same sentence.  (Am. J., *Atkinson*, No. 1:07-cr-26, ECF No. 56, PageID.335-36.)  Movant appealed once more, and on June 28, 2011, the Sixth Circuit affirmed Movant's sentence.  *United States v. Atkinson*, 427 F. App'x 420 (6th Cir. 2011).

In 2012, Movant filed a motion to vacate, set aside, or correct his sentence under 28 U.S.C. § 2255, asserting eight grounds for relief, which the Court denied.  (Mot., *Atkinson v. United States*, No. 1:12-cv-831 (W.D. Mich.), ECF No. 1; J., ECF No. 19.)  On January 25, 2016, Movant filed another § 2255 motion, asserting a claim under *United States v. Johnson*, 135 S. Ct. 2551 (2015). (ECF No. 1.)  In February 2016, the Court transferred this § 2255 motion to the Sixth Circuit to determine whether Movant should be permitted to file a second § 2255 motion, as required by 28 U.S.C. § 2244.  (ECF No. 4.)  The Sixth Circuit granted authorization and remanded the case,

finding that Movant had made a *prima facie* showing that he was entitled to relief under *Johnson*. (Order, ECF No. 6.)

## II.

A prisoner who moves to vacate his sentence under § 2255 must show that the sentence was imposed in violation of the Constitution or laws of the United States, that the court was without jurisdiction to impose such a sentence, that the sentence was in excess of the maximum authorized by law, or that it is otherwise subject to collateral attack.  28 U.S.C. § 2255.  To prevail on a § 2255 motion "'a petitioner must demonstrate the existence of an error of constitutional magnitude which had a substantial and injurious effect or influence on the guilty plea or the jury's verdict.'" *Humphress v. United States*, 398 F.3d 855, 858 (6th Cir. 2005) (quoting *Griffin v. United States*, 330 F.3d 733, 736 (6th Cir. 2003)).

Non-constitutional errors are generally outside the scope of § 2255 relief.  *United States v. Cofield*, 233 F.3d 405, 407 (6th Cir. 2000).  A petitioner can prevail on a § 2255 motion alleging non-constitutional error only by establishing a "fundamental defect which inherently results in a complete miscarriage of justice, or, an error so egregious that it amounts to a violation of due process." *Watson v. United States*, 165 F.3d 486, 488 (6th Cir. 1999) (quoting *United States v. Ferguson*, 918 F.2d 627, 630 (6th Cir. 1990) (internal quotations omitted)).

As a general rule, claims not raised on direct appeal are procedurally defaulted and may not be raised on collateral review unless the petitioner shows either (1) "cause" and "actual prejudice" or (2) "actual innocence." *Massaro v. United States*, 538 U.S. 500, 504 (2003); *Bousley v. United States*, 523 U.S. 614, 621–22 (1998); *United States v. Frady*, 456 U.S. 152, 167–68 (1982).  An ineffective assistance of counsel claim, however, is not subject to the procedural default rule.

*Massaro*, 538 U.S. at 504.  An ineffective assistance of counsel claim may be raised in a collateral proceeding under § 2255, whether or not the petitioner could have raised the claim on direct appeal. *Id.*

## III.

The Anti-terrorism and Effective Death Penalty Act ("AEDPA") sets a one-year statute of limitations from the date of the final judgment for § 2255 petitions or the date on which the right asserted was initially recognized by the Supreme Court and made retroactively applicable to cases on collateral review.  28 U.S.C. § 2255(f).  A judgment is final 90 days from the appellate mandate. *Clay v. United States*, 537 U.S. 522 (2003).

On June 26, 2015, the Supreme Court held that the Armed Career Criminal Act's ("ACCA") "residual clause"–which defined a "violent felony" to include an offense that "otherwise involves conduct that presents a serious potential risk of physical injury to another," 18 U.S.C. § 924(e)(2)(B)(ii)–is unconstitutionally vague in violation of due process.  *Johnson*, 135 S. Ct. at 2563.  In *Welch v. United States*, 136 S. Ct. 1257 (2016), the Supreme Court held that *Johnson* applied retroactively on collateral review. Therefore, Movant had one year from the date on which the right asserted was initially recognized by the Supreme Court–July 26, 2015–to file his § 2255 petition raising a *Johnson* claim.  28 U.S.C. § 2255(f)(3).  Movant filed within that one-year period; thus, his *Johnson* claim is timely.

But Movant's *Johnson* claim does not survive the Supreme Court's decision in *Beckles*, which he acknowledges.  (ECF No. 18, PageID.156-57.)  Despite this fact, Movant further argues that one of his prior convictions was not a crime of violence, in light of the Supreme Court's decision in *Mathis*.  (*Id.* at PageID.157-58.)  Unlike *Johnson*, the Supreme Court has not held that

*Mathis* is a new rule made retroactive on collateral review.  In fact, the Supreme Court explicitly noted that, "[f]or more than 25 years, we have repeatedly made clear that application of the ACCA involves, and involves only, comparing elements."  *Mathis*, 136 S. Ct. at 2257.  Rather than announce a new rule, the Supreme Court explained that "the elements-based approach remains the law."  *Id.*  Further, *Mathis* addressed an issue of statutory interpretation, not a constitutional rule. Because *Mathis* did not announce a new constitutional rule, § 2255(f)(3) does not apply.[1]  Thus, Movant had one year from the date his conviction became final to raise this claim: October 17, 2012.

Movant did not raise this claim until January 9, 2017, in a supplement to his § 2255 motion and in reply to the government's brief, which raised the issue in a footnote.  (ECF No. 13.)  In the footnote, the government indicated that it did not appear that Movant raised a claim under *Mathis*, but if he was, his claim would be time-barred by the statute of limitations.  (ECF No. 9, PageID.106.)  Movant argues that, because the government raised this claim in connection with Movant's *Johnson* claim, the Court should consider it.  (ECF No. 18, PageID.158.)

Indeed, in 2012, Movant raised an argument that his prior drug convictions did not qualify as a crime of violence.  (Am. Mot., *Atkinson*, No. 1:12-cv-831, ECF No. 3, PageID.34.)  Movant now raises a different argument: his prior conviction for armed robbery was not a crime of violence, in light of the Supreme Court's reasoning in *Mathis*.  (ECF No. 18, PageID.157.)  Because Movant did not raise this claim within the one-year period after his judgment became final, it is untimely.

Equitable tolling may excuse an untimely-filed habeas petition, although its application is rare.  *King v. Bell*, 378 F.3d 550, 553 (6th Cir. 2004).  A petitioner is entitled to equitable tolling if

---

[1]Movant also acknowledges that the Supreme Court has not held that *Mathis* is retroactively applicable on collateral review.  (ECF No. 18, PageID.159.)

5

he shows: (1) that he has been pursuing his rights diligently, and (2) that some extraordinary circumstance stood in his way and prevented the timely filing of his petition. *Holland v. Florida*, 560 U.S. 631, 649 (2010) (citing *Pace v. DiGuglielmo*, 544 U.S. 408, 418 (2005)). Equitable tolling requires "reasonable diligence," not "maximum feasible diligence." *Id.* at 653 (internal quotations omitted). Movant does not provide any evidence that he has pursued his rights diligently or that some extraordinary circumstance stood in his way from raising his *Mathis* claim within the one-year statute of limitations period. Movant also does not allege that he is actually innocent so as to bypass the statute of limitations as provided in *McQuiggin v. Perkins*, 133 S. Ct. 1924 (2013). Therefore, Movant's *Mathis* claim is time-barred.[2]

## IV.

For the reasons stated above, Movant's motion to vacate, set aside, or correct the sentence imposed upon his by this Court will be denied. Because the Court finds that the "motion and the files and records of the case conclusively show that the prisoner is entitled to no relief," 28 U.S.C. § 2255(b), no evidentiary hearing is required.

Pursuant to 28 U.S.C. § 2253(c), the Court must also assess whether to issue a certificate of appealability. Under *Slack v. McDaniel*, 529 U.S. 473, 484 (2000), when a habeas petition is denied on procedural grounds, a certificate of appealability may issue only "when the prisoner shows, at least, (1) that jurists of reason would find it debatable whether the petition states a valid claim of the denial of a constitutional right and (2) that jurists of reason would find it debatable whether the

---

[2] Movant also cites the Supreme Court's grant, vacate, and remand order ("GVR") on a *Mathis* claim post-*Beckles*. (ECF No. 18, PageID.158) (citing *United States v. Stephens*, __ S. Ct. __, 2017 WL 1040836 (Mar. 20, 2017)). But the Supreme Court may issue a GVR order "on the basis of reasonable probability that giving the lower court the opportunity to consider that point anew will alter the result." *Lawrence on Behalf of Lawrence v. Chater*, 516 U.S. 163, 171-72 (1996). In *Stephens*, the Sixth Circuit issued its opinion two weeks before the Supreme Court issued its decision in *Mathis*.

district court was correct in its procedural ruling." Both showings must be made to warrant the grant of a certificate. *Id.* The Court finds that reasonable jurists could not debate that this Court correctly dismissed each of petitioner's claims on statute-of-limitation grounds. "Where a plain procedural bar is present and the district court is correct to invoke it to dispose of the case, a reasonable jurist could not conclude either that the district court erred in dismissing the petition or that the petitioner should be allowed to proceed further." *Id.* Therefore, the Court denies Petitioner a certificate of appealability.

A judgment and order will enter in accordance with this opinion.


Dated:  April 4, 2017                                      /s/ Janet T. Neff
                                                         JANET T. NEFF
                                                         UNITED STATES DISTRICT JUDGE